JLW/HMG: USAO 2023R00013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. GLR 23-0373 |
| v. | * | |
| | * | (Access Device Fraud, 18 U.S.C. |
| DOLAPO LAWAL, | * | § 1029(a)(2), (a)(3); Aggravated Identity |
| | * | Theft, 18 U.S.C. § 1028A; Aiding and |
| Defendant | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. § 1029(c)(1)(C); |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853(p)) |
| | * | |
| | * | **UNDER SEAL** |
| | * | |

*******

**INDICTMENT**

**COUNT ONE – ACCESS DEVICE FRAUD**

The Grand Jury for the District of Maryland charges:

**INTRODUCTION**

At times material to this Indictment:

1. Defendant **DOLAPO LAWAL ("LAWAL")**, was a resident of Maryland.

2. Identity Victim #1 was a resident of Indiana.

3. Identity Victim #2 was a resident of California.

4. Green Dot Corporation was a financial technology and bank holding company headquartered in Austin, Texas. Green Dot Bank ("Green Dot") was a subsidiary of Green Dot Corporation.

5. Green Dot offered financial services to customers, including the use of debit cards linked to deposit accounts that could be used to receive direct deposits of funds, such as government tax refunds and government benefits. Green Dot debit cards were widely available for

purchase at retailers and online. Pursuant to each purchased Green Dot debit card, Green Dot provided a routing number and account number for a deposit account associated with the debit card.

6. Green Dot debit cards could be loaded with funds by the cardholder and by a third-party. Cardholders could withdraw stored funds at automated teller machines ("ATMs") and use the debit cards to pay for point-of-sale transactions at businesses. The debit cards issued by Green Dot constituted access devices as defined in 18 U.S.C. § 1029(e).

7. The Internal Revenue Service ("IRS") used IRS Forms 1040 for individual taxpayers filing their annual income tax returns each year. The Forms 1040 asked taxpayers to list relevant biographical information, including their names, social security numbers, and addresses.

8. During 2022 and 2023, Forms 1040 were filed with the IRS, purportedly on behalf of more than 100 taxpayers (the "Identity Victims"), including Identity Victims #1 and #2, seeking refunds of more than $3 million. The IRS Forms 1040 contained false and fraudulent information, including false information concerning the taxpayers' income and tax due and owing.

9. The IRS Forms 1040 requested that the tax refunds for each purported taxpayer be paid to more than 100 Green Dot debit cards, which had been previously purchased and obtained, with each debit card linked to a different Identity Victim and Green Dot deposit account.

10. In or about March 2022, as a result of the fraudulent tax filings, the IRS transferred more than $200,000 in fraudulent tax refunds to more than 20 Green Dot debit cards.

## THE CHARGE

11. In or about April 2022, in the District of Maryland and elsewhere, the defendant herein,

**DOLAPO LAWAL,**

did knowingly and with the intent to defraud, use and traffic in one or more unauthorized access devices, *to wit*: the Green Dot debit cards ending in 5449 and 2521, and by such conduct obtained more than $1,000, in and affecting interstate commerce, during the one-year period from June 1, 2021 to June 1, 2022.

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 2

## COUNTS TWO AND THREE – ACCESS DEVICE FRAUD

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1-10 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, in the District of Maryland and elsewhere,

**DOLAPO LAWAL,**

the defendant herein, did knowingly and with the intent to defraud, possess fifteen or more unauthorized access devices, in and affecting interstate commerce:

| COUNT | DATE |
|---|---|
| 2 | April 8, 2022 |
| 3 | June 21, 2023 |

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 2

## COUNTS FOUR AND FIVE – AGGRAVATED IDENTITY THEFT

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1-10 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2. In or about April 2022, in the District of Maryland and elsewhere,

**DOLAPO LAWAL,**

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, including the name and debit card number of the Identity Victims identified below, during and in relation to access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) & 1029(a)(3), as charged in Counts One and Two of this Indictment.

| COUNT | Identity Victim |
|---|---|
| 4 | Identity Victim #1 |
| 5 | Identity Victim #2 |

18 U.S.C. §§ 1028A(a)(1), (c)(4)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 1029(c)(1)(C) and 981(a)(1)(C), and 21 U.S.C. § 853, in the event of the defendant's conviction on Counts One through Three of this Indictment.

2.  As a result of the offenses set forth in Counts One through Three of this Indictment, the defendant,

**DOLAPO LAWAL,**

shall forfeit to the United States (a) any personal property used or intended to be used to commit the offense, and (b) any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violations.

### Substitute Assets

3.  If any of the property described above, as a result, of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 1029(c)(1)(C)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C.§ 853(p)
28 U.S.C. § 2461(c)
Fed. R. Crim. P. 32.2(a)

_____
Erek L. Barron
United States Attorney
District of Maryland

A TRUE BILL

SIGNATURE REDACTED
_____
Foreperson

\_\_\_10-18-23_____
Date